[No. 29429. Department Two. February 24, 1945.]

NELLIE MULLINS, *Respondent,* v. FRED CHINN, *Appellant.*[1]

*Velikanje & Velikanje* and *Snively & Bounds,* for appellant.

*J. P. Tonkoff,* for respondent.

MALLERY, J.—The plaintiff brought an action for back rent on leased premises and for a decree forfeiting the lease and restoring possession of the property. From a judgment for the back rent and attorney's fees, the defendant appeals.

The court made the following findings of fact:

"(1) That plaintiff is a widow and the owner of certain real estate situate in the City of Yakima, Washington, more particularly described as Lots 21 and 22 in Block 11, in the City of Yakima, Washington, upon which there is situate a four story building commonly known as the Montana Hotel.

"(2) That plaintiff and defendant, on the 4th day of June, 1942, entered into a certain written lease, which lease is evidence in the above entitled action.

"(3) That under the terms and conditions of said lease, rental was reserved at $100.00 per month from July, 1942, to December, 1942, inclusive, and $150.00 thereafter.

[1]Reported in 156 P. (2d) 414.

"(4) That on the 31st day of December, 1942, a meeting was had at the office of the plaintiff between the defendant and Frank Mullins, plaintiff's Building Manager, and that at said time it was agreed that the defendant would continue to pay $100.00 per month instead of $150.00 per month until such time as business conditions were better, the said remaining $50.00 per month was to be paid when said conditions were better.

"(5) That defendant paid $100.00 per month up to the 1st day of July, 1943, at which time $110.00 per month was paid, the $10.00 being for additional room which had not previously been rented, though included in the lease; that receipts were given and checks paid.

"(6) That the plaintiff, on or about the 5th day of February, 1943, through her attorney, George Mullins, demanded the back rent. That on or about the 17th day of February, Notice to pay rent or vacate was served upon the defendant.

"(7) That beginning with the 1st day of March, 1944, the defendant paid the sum of $150.00, which sum has been accepted by the plaintiff.

"(8) That in view of the agreement and the actions of the parties, the lease could not be terminated for the nonpayment of full rental; and that insufficient evidence was submitted to grant a foreclosure under the terms and conditions of the lease.

"(9) That the plaintiff is entitled to recover judgment against the defendant in the sum of $610.00 together with interest of 6% per annum.

"(10) That the plaintiff is entitled to judgment in the sum of $125.00 as reasonable attorneys fees under the terms and conditions of the lease."

The appellant assigns as error the court's overruling of his demurrer, the denial of his motion to dismiss respondent's first cause of action, the granting of a judgment for the recovery of back rent and attorney's fees and costs, and the denial of a motion for judgment notwithstanding the court's decision or, in the alternative, for a new trial.

These assignments of error may be summed up as being based upon appellant's contention that the court erred in making its findings of fact, it being appellant's contention that the court should have found that there was, in fact, an oral modification of the written lease. This court will not overturn the findings of fact of the trial court unless we

find that the evidence preponderates against them. In this case, the court's findings are adequately sustained by the evidence and will not be disturbed. The citations of both the appellant and respondent touching modification of executory written instruments, and the apparent and implied authority of agents, would require consideration if the court's findings of fact were overturned. Since they are affirmed, however, the decision rests upon a pure question of fact, and they need not be discussed.

The judgment is affirmed.

BEALS, C. J., BLAKE, and ROBINSON, JJ., concur.

SIMPSON, J. (concurring in the result)—I deem it necessary to give my reasons for concurring in the result reached by the majority.

Respondent instituted this action to recover for rent claimed to be due her from appellant. The action was founded upon a written lease of a hotel. The lease, dated June 4, 1942, was for a period extending from June 1, 1942, to May 31, 1945. The rental was one hundred dollars per month to December 1, 1942, and one hundred fifty dollars per month thereafter. Appellant admitted the making of the lease, but in his answer alleged a modification in that, on December 31, 1942, it was agreed that the rental should continue until further notice in the sum of one hundred dollars per month.

At the trial, appellant testified that the lease was modified as alleged in his answer. He claimed that the reason for the reduction of rent was brought about by a lack of business in the hotel, and that an agent for respondent agreed that the rent should be payable in the sum of one hundred dollars per month until the business of the hotel merited a restoration of the payment of one hundred fifty dollars per month.

The agent of respondent and the bookkeeper gave evidence contradicting that given by appellant. Mr. Frank P. Mullins, son and agent for respondent, gave his version of the conversation relative to the rent reduction as follows:

"A. Well, Fred came to me and he said, 'Business is not very good, and I can't pay this heat bill, it's too heavy;' and I said to him,—well, we talked back and forth and I told him I thought he had to pay it, but finally he said he just couldn't pay it, it was too heavy, and I said, 'All right, Fred, we'll allow you $50 a month until your business picks up.' Q. You mean you won't require him to pay fifty? A. No; and took his hundred dollars and then I said, 'When your business picks up, you've got to pay this back rent, according to the lease.' Q. Yes. A. And I asked him for it several times. Q. Let's get this first conversation over with. A. Well, he paid the hundred dollars. Q. And what did he say? A. We accepted the hundred dollars. He said he'd do it. He agreed to do it."

A. F. Gehring, bookkeeper, testified in reference to the conversation between appellant and Mr. Mullins as follows:

"Q. Did he say anything to Mr. Chinn about paying the $150 at some future date? A. Did I? Q. No,—well, either one of you. A. Oh, yes, Mr. Mullins did; he insisted on that, he said it would have to be paid. Q. He said it would have to be paid? A. And, as soon as the times got better, Mr. Mullins insisted he would pay the arrears, if you want to call them such. Q. Anything said when Mr. Chinn would be required to pay that? A. Just when the times were better. Q. Did you have any conversation with Chinn? A. Yes, I did at the end, because I keep the books and I want to know definitely what I'm doing, and I asked Mr. Chinn whether he understood definitely that he would be charged $150 every month and that I would credit him with whatever he paid on rent during that month; he said, 'Yes.' Q. He understood you? A. He understood me; I hope he did. Q. Well, did he tell you he did? A. He said 'Yes' to me."

Immediately after the meeting, during which the above conversations were had, appellant received a receipt which read, "Rent Jan 1/43 to Feb 1/43." Many other receipts of like nature were given to appellant. The books kept by the bookkeeper showed a charge each month of one hundred fifty dollars and a credit of one hundred dollars.

There can be no doubt but that appellant thought he was securing a reduction in rent and that he made his payments upon that assumption. However, the evidence as disclosed

by the record was not sufficient to justify this court in reversing the judgment of the trial court, who saw the witnesses and listened to their testimony.